**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FADAL MACHINING CENTERS, LLC, | No. 10-55719 |
| Plaintiff-Appellant, | D.C. No. 2:09-cv-06478-PA-FFM |
| v. | |
| COMPUMACHINE, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 7, 2011[**]
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and CONLON, District Judge.[***]

Fadal Machining Centers, LLC ("Fadal"), a manufacturer of machines and

machine-related parts, sued Compumachine, one of its exclusive distributors, for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

breach of contract and the duty of good faith. The case was filed in the United States District Court for the Central District of California pursuant to a forum selection provision in the parties' distributorship agreement. Fadal's amended complaint established diversity jurisdiction under 28 U.S.C. § 1332.[1] Attached to the complaint were a copy of the distributorship agreement and fifteen allegedly unpaid invoices that each referred to Fadal's website for the terms and conditions of sale. The terms and conditions posted on Fadal's website were referenced in the complaint. The website's authenticity was undisputed.

Fadal drafted the distributorship agreement and all related documents. The agreement provided that Fadal would unilaterally establish "the terms of sale . . . from time to time." The terms and conditions on Fadal's website provided that within six months after any act or omission in controversy, claims or disputes "arising out of or related to this agreement, or the breach thereof" shall exclusively be submitted to arbitration in Los Angeles, California under the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). The district court dismissed this case without prejudice under Fed. R. Civ. P. 12(b)(6) because Fadal's own terms and conditions of sale for each invoice required submission of

---

[1] The initial complaint was dismissed because Fadal, a limited liability company, failed to identify the citizenship of all its members or owners. *Johnson v. Columbia Properties Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006).

non-payment claims to arbitration. The court relied on the broad language of the arbitration clause as clearly establishing an agreement to submit all disputes, including the question of arbitrability, to an arbitrator.

Fadal timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's determination of the validity and scope of an arbitration clause de novo. *Chalk v. T-Mobile USA, Inc.*, 560 F.3d 1087, 1092 (9th Cir. 2009). California law provides the substantive contract law of decision. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Any ambiguity in contract terms is construed against the party that drafted the agreement. Cal. Civ. Code § 1654. The language of an arbitration agreement establishes whether the determination of arbitrability is for the court or delegated to an arbitrator. *First Options*, 514 U.S. at 943.

The district court did not err in concluding an arbitration agreement existed between the parties. *See Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2778 n.2 (2010) (limiting the initial question to "whether any agreement between the parties 'was ever concluded'"). Each invoice attached to the complaint referred to the terms and conditions of sale on Fadal's website. Fadal's own terms and conditions included a clear and comprehensive mandatory arbitration clause. The terms and conditions were entitled "CONTRACT" in large bold type, and stated

that its terms prevailed over any other agreement.  The distributorship agreement attached to the complaint clearly expressed the parties' intent that Compumachine would be bound by the terms and conditions Fadal set for each sale of machinery and parts.  *See DVD Copy Control Ass'n v. Kaleidescape, Inc.*, 97 Cal. Rptr. 3d 856, 870 (Cal. Ct. App. 2009) (unambiguous intent of parties was that defendant "would comply with the specifications that [plaintiff] provided after the agreement was signed").  The distributorship agreement, invoices, and terms and conditions of sale drafted by Fadal support the district court's conclusion that the parties agreed to the terms and conditions posted on Fadal's website.

Nor did the district court err in concluding that the arbitration clause clearly and unmistakably delegated the question of arbitrability to the arbitrator.  *See First Options*, 514 U.S. at 944–45.  Fadal argues that the district court placed too much emphasis on the language "arising out of or relating to" in the arbitration clause.  However, the language of the arbitration clause shows a clear and unmistakable intent to delegate questions of scope to the arbitrator.  *See id.* at 944.  The clause incorporates the AAA's Commercial Arbitration Rules, which provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."  AAA Commercial Arbitration Rules, R-7(a).

The district court did not err by declining to consider extrinsic evidence. California law requires courts to accept provisionally extrinsic evidence that purports to explain the meaning of contract terms. *See Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 442 P.2d 641 (Cal. 1968). However, the extrinsic evidence Fadal submitted related to the interpretation of the agreement's scope—a question for the arbitrator—and not to the existence of the arbitration agreement.

Fadal's remaining arguments are issues for arbitration.

**AFFIRMED.**